UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALICE HICKS, | CASE NO. C20-5100 RJB |
| Plaintiff, | ORDER RE "RAND" WARNING |
| v. | |
| THOMAS CLIFFORD SKAAR, et al., | |
| Defendants. | |

This matter comes before the Court *sua sponte*, and in response to Plaintiff's Motion for Clarification (Dkt. 99). It appears that Plaintiff did not receive the warning required under *Rand v Rowland*, 154 F.3d 952 (9th Cir. 1998). Below is the warning required, which is also offered as clarification of the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. 70).

**Warning to Pro Se Plaintiffs Regarding Motion to Dismiss.** Plaintiff is reminded that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997), including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington ("Local Rules").

Plaintiff is further reminded that although pro se pleadings are held to a "less stringent standard that formal pleadings drafted by lawyers," they still must meet the requirements of the rules. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may assert the defense, in a motion to dismiss, of failure to state a claim upon which relief can be granted.

Plaintiff is notified that Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Plaintiff is notified that if the Motion to Dismiss is granted, their claims may be dismissed and the case closed. Plaintiff may file further responses, if any, to the motion on or before **October 2, 2020.**

**Warning to Pro Se Plaintiff Regarding Motion for Summary Judgment.** Plaintiff is reminded that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997), including the

1  Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of

2  Washington ("Local Rules").  Plaintiff is further reminded that although pro se pleadings are

3  held to a "less stringent standard that formal pleadings drafted by lawyers," they still must meet

4  the requirements of the rules.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

5       Plaintiff is notified that the Defendants seek summary judgment pursuant to Fed. R. Civ.

6  P. 56.  Plaintiff is further notified that if one of a party files a motion for summary judgment

7  pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise

8  provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for

9  trial.  In the event a party files a motion for summary judgment by which it seeks to have the

10  case dismissed, Plaintiff is notified that summary judgment under Rule 56 of the Federal Rules

11  of Civil Procedure will, if granted, end the case.

12       Rule 56 tells Plaintiff what they must do in order to oppose a motion for summary

13  judgment.  Generally, summary judgment must be granted when there is no genuine issue of

14  material fact.  That is, if there is no real dispute about any fact that would affect the result of

15  Plaintiff's Complaint, the party who asked for summary judgment is entitled to judgment as a

16  matter of law, which mean that Defendants would prevail on that defense.  When a party makes a

17  motion for summary judgment that is properly supported by declarations (or other sworn

18  testimony), Plaintiff cannot simply rely on what her complaint says.  Instead, Plaintiff must set

19  out specific facts in a verified complaint, declarations, depositions, answers to interrogatories, or

20  authenticated documents, as provided in Rule 56(e), that contradict the facts shown in

21  Defendants' declarations and documents and to show that there is a genuine issue of material fact

22  for trial.  If Plaintiff does not submit her own evidence in opposition, summary judgment, if

23

24

appropriate, may be entered against her.  If summary judgment is granted, Defendant will prevail on its defense and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

If Plaintiff does not file responses providing the appropriate documentation as described above, the motion may be granted and there will be no trial on her Complaint.

In light of Plaintiff's *pro se* status, the Motion for Summary Judgment (Dkt. 70) should be renoted to **October 2, 2020** and Plaintiff may file further responses, if any, by **October 2, 2020.**

**Warning re: Delay**. If Plaintiff desires a further delay before the Court considers Defendants' Motion for Summary Judgment, she must show, by affidavit or declaration, that for specified reasons she cannot present facts essential to justify her opposition. FRCP 56(d).

**IT IS SO ORDERED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of September, 2020.

ROBERT J. BRYAN
United States District Judge