UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALICE HICKS,<br><br>                          Plaintiff,<br><br>    v.<br><br>THOMAS CLIFFORD SKAAR, TRACY SKAAR, PRINCETON PROPERTY MANAGEMENT, and EVERGREEN VANCOUVER APARTMENTS, LLC,<br><br>                          Defendants. | CASE NO. C20-5100 RJB<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT |

      This matter comes before the Court on Defendants Thomas Clifford Skaar, Tracy Skaar, and Princeton Property Management and Evergreen Vancouver Apartments, LLC,'s Motion to Dismiss or in the Alternative, for Summary Judgment (Dkt. 70).  Plaintiff alleges that Defendants racially discriminated against her when opting not to renew her tenancy lease.  Dkts. 67; 70. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.  Defendants' motion to dismiss should be granted, and in light of the Court's decision that summary judgment should be granted, Plaintiff's complaint should be dismissed without leave to amend.

ORDER ON DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT - 1

# I.    RELEVANT FACTS AND PROCEDURAL HISTORY

## A. FACTS

Plaintiff, Alice Hicks, who is proceeding pro se, is a former a tenant of the Evergreen Village Apartments in Vancouver, Washington.  Defendants are Princeton Property Management, which manages Evergreen Village, and Evergreen Vancouver Apartments, LLC, Thomas Clifford Skaar, and Tracey Lee Skaar, owners of Evergreen Village.  Dkts. 67 and 70.  Ms. Hicks, who describes herself as a "Black American" (Dkt. 76), alleges that Defendants evicted her because of her race in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.  Dkt. 67.  Subsequent filings indicate that Ms. Hicks was not evicted; instead, Defendants opted not to renew her lease at the end of its natural term.  Dkts. 71, 72-1, 74-1.

Ms. Hicks moved into the Evergreen Apartments with her two adult children in September 2016.  Dkt. 72-1.  Hicks signed a yearlong rental agreement, which expired on August 31, 2017, but it allowed for a month-to-month lease unless "either Owner/Agent or Resident gives the other written notice at least 20 days prior to the end of the term that the party elects not to commence the new tenancy."  *Id.*  On May 12, 2017, management notified Ms. Hicks that it would not extend her lease beyond its August 31 termination.  Dkt. 72-2.

Defendants claim the decision not to extend Ms. Hicks' lease was made because of her "pattern of excessive and unsubstantiated complaints against her neighbors," which "rose to the level of harassing[.]"  Dkt. 70 at 14.  Defendants substantiate this claim with numerous emails between Hicks and management, the record from a state administrative matter, and declarations by management.  Dkts. 71, 72, 73, 74.

Emails from September and October 2016 show that Ms. Hicks contacted management about "very loud volatile nuisance noise" coming from the unit above her, claimed drug fumes coming

ORDER ON DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT - 2

from that apartment into her own, and stated her belief that the noise and harassment were an attempt to "harass us out of our apartment." Dkt. 72-3. On November 18, 2016, Hicks emailed claiming, "the harassing noise problem . . . is organized and set up by a man who comes to [unit 27] regularly in a white van." *Id.* at 9. Hicks claimed the residents of unit 27 "use noise to harass us" by "stomping and jumping around the apartment [which] caused the paint dust particles to fall from the ceiling, which is a health hazard." *Id.*

Defendants provide evidence that management investigated Ms. Hicks' complaints, in one instance issued a Notice of Disturbance based on Plaintiff's noise complaint, but it found no evidence of either drug use or drug making. Dkts. 71, 72-3, 72-4. On May 8, 2017, Ms. Hicks contacted her Congresspersons, the DEA, and ICE about her suspicions of her neighbors. Dkt. 72-3. On May 12, 2017, Evergreen Village notified Ms. Hicks that it would not renew her lease at the end of its term. Dkt. 72-2. Management, however, allowed Hicks to remain at Evergreen Village until on or near October 23, 2017, when she moved elsewhere. Dkt. 74-1.

On February 6, 2018, Ms. Hicks filed a complaint alleging racial discrimination with the Washington State Human Rights Commission ("WSHRC"). Dkt. 74-1. WSHRC investigated and found "[t]he preponderance of the evidence does not support a finding that [Evergreen Village] discriminated against [Hicks] based on race." *Id.* at 7.

**B. PROCEDURAL HISTORY AND PENDING MOTION**

Defendants filed the pending motion, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. 70), along with supporting declarations, most of which contain multiple exhibits (Dkts. 71, 72, 73, 74, 85, 86). Ms. Hicks responded to the motion to dismiss multiple times (Dkts. 76, 81, 87) and filed a supporting declaration with exhibits that correspond to evidence used in the WSHRC investigation. (Dkt. 107). Defendants replied to Ms. Hicks'

ORDER ON DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT - 3

response (Dkt. 109), and Ms. Hicks also filed a reply (Dkt. 110).  The Court issued Ms. Hicks a "Rand" warning (Dkt. 100).

## II.   DISCUSSION

### A.   MOTION TO DISMISS STANDARD

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as true and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

On a 12(b)6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

### B. DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED

Ms. Hicks' complaint does not sufficiently allege that the decision not to renew her lease was plausibly made because of racial discrimination.

Pursuant to the Fair Housing Act, it is unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services of facilities in connection therewith, because of race[.]" 42 U.S.C. § 3604(b). Plaintiff makes a claim of "disparate treatment" under the Fair Housing Act because she claims Defendants treated her differently because of her race. *See Gamble v. City of Escondido*, 104 F.3d 300, 304–05 (9th Cir. 1997). "Proof of discriminatory motive is crucial to a disparate treatment claim." *Id*. at 305.

The complaint includes a cognizable legal theory. Hicks claims that she and her family are Black American, that they "met the minimum qualifications to reside on the property," and that Defendants terminated her tenancy despite the fact that "similarly situated tenants who are non-Black American are not subjected to such eviction proceedings." Dkt. 61 at 8. Hicks claims that she was harmed because she was forced to move to an apartment further away from public transportation, which is physically distressful because of her walking disability. *Id.* at 9. Assuming the allegations are true and taken in the light most favorable to Plaintiff, the complaint, however, fails because Ms. Hicks' conclusory allegation that Defendants treated non-Black American tenants differently than her makes the claim for relief theoretically possible, but it alone does not make the claim plausible.

Hicks subsequently makes clear that she also seeks relief under Washington State law. Dkts. 67 and 110. While generally the remedy both for failure to include state law claims and for the deficiency in the Fair Housing Act claim would be granting leave to amend the complaint, here amendment would be futile because summary judgment is appropriate, and because the Washington Landlord-Tenant Act, RCW 59.18, would provide no relief to Plaintiff.

Defendants' Motion to Dismiss (Dkt. 70) should be granted.

## C. SUMMARY JUDGMENT STANDARD

Unlike when deciding a motion to dismiss, on a summary judgment motion, the court considers information outside of the complaint. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

To determine the existence of a genuine question of material fact, the court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve a disputed factual issue in favor of the nonmoving party when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support

the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non-specific statements in affidavits are insufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### D. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

Summary judgment of this matter is appropriate because the pleadings, discovery, and disclosures demonstrate that there is no genuine issue of material fact.

The plaintiff bears the initial burden in a disparate treatment claim and must allege that: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).  If the plaintiff meets this burden, then the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the action." *Id.* "[I]f the defendant satisfies its burden, the plaintiff must prove by a preponderance of the evidence that the reason asserted by the defendant is a mere pretext." *Gamble*, 104 F.3d at 305.

Ms. Hicks has arguably met her initial burden.  She alleges that she was discriminated against in the rental of a dwelling because of her race, and she was forced to move to a new apartment, far from public transportation, which is physically difficult and "distressful" for her, because of the alleged discrimination. Dkt. 67 at 9.

Defendants, however, supply ample evidence to meet their burden of articulating a nondiscriminatory reason not to renew Ms. Hicks' lease. *See* Dkts. 72 and 74.  Hicks had a long, documented history of making noise and drug related complaints about her neighbors, which she is free to do. Dkt. 72.  Defendants submitted evidence that management investigated Hicks' complaints, that the complaints were generally unsubstantiated, but that they continued and escalated. Dkt. 72-4.  Eventually, Hicks reported neighbors to ICE, the DEA (Dkt. 74-1), and

her Congresspersons (Dkt. 74-6).  Emails indicate that management notified her of the decision not to renew her tenancy days after Hicks made those reports.  Dkt. 74-5.  Emails from that time say management made its decision because Hicks' allegations against her neighbors appeared to be based on the race or national origin of the neighbors, her complaints appeared generally unsubstantiated, and her actions "turned into harassment of the neighbors in question."  Dkt. 74-5.  Furthermore, although Defendants opted not to renew Hicks' tenancy, Defendants allowed Ms. Hicks to remain in the apartment until on or around October 23, 2017, when she found a new apartment, nearly two months after the lease expired on August 31, 2017.  Dkt. 74-1.

    Summary judgment is appropriate because there is no genuine issue of material fact that Ms. Hicks fails to meet her burden of proving that Defendants' justification is a pretext.  Hicks claims she was treated differently than non-Black American tenants, which demonstrates racial discrimination.  Dkt. 76 at 6.  The Washington Human Rights Commission considered this argument during Hicks' administrative claim and found that of the at least 16 tenancies terminated during the relevant period, at least seven were Caucasian, six were Hispanic, one was African American and Hispanic, and three were unknown.  Dkts. 74-1; 107 at 6.  This history does not demonstrate a pattern of discrimination against Black American tenants, which could indicate discrimination against Hicks.  Ms. Hicks claims that non-Black American tenants were given notice that their behavior put them at risk of lease non-renewal but she was not given notice of the possibility of non-renewal, and she argues that that discrepancy demonstrates pretext.  Dkt. 110, citing Washington Landlord-Tenant Act, Wash. Rev. Code 59.18.  Even if that discrepancy exists, it does not create a material issue of fact regarding discriminatory intent.  Plaintiff had a long history of communication with management, management appears to have

worked with her to investigate her claims, and the record demonstrates non-racially motivated reasons not to renew her lease, and there is no proof that those reasons were pretextual.

Defendants' Motion for Summary Judgment (Dkt. 70) should be granted.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Motion to Dismiss (Dkt. 70) **IS GRANTED,** without leave to amend the complaint;
- Defendants' Motion for Summary Judgment (Dkt. 70) **IS GRANTED**;
- Plaintiffs complaint **IS DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of October, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge